**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MICHAEL E. FRANKLIN, | No. 15-15142 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-00304-KJM |
| v. | |
| SCOTT M. KERNAN, Warden; et al., | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted March 17, 2016
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges and HELLERSTEIN,** Senior
District Judge.

Petitioner Michael Franklin seeks reversal of the district court's decision,

which denied Franklin's petition for a writ habeas corpus.  We affirm.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

First, in light of the California Court of Appeal's application of a "strong likelihood" standard for establishing a prima facie case under *Batson v. Kentucky*, 476 U.S. 79 (1986)—a standard we have held is clearly contrary to *Batson*, *see*, *e.g.*, *Johnson v. Finn*, 665 F.3d 1063, 1069 (9th Cir. 2011); *Williams v. Runnels*, 432 F.3d 1102, 1105 (9th Cir. 2006)—the usual deference owed a state court judgment on the merits under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254, is inapplicable.

Second, we reject Franklin's challenge under *J.E.B. v. Alabama*, 511 U.S. 127 (1994), on de novo review because he fails to show that "the facts and any other relevant circumstances raise an inference that [the prosecutor's peremptory challenges were] motivated by . . . gender." *Cooperwood v. Cambra*, 245 F.3d 1042, 1045–46 (9th Cir. 2001) (internal quotation marks omitted). That the prosecutor did not appreciate *J.E.B.*'s application, and that he used eight of ten peremptory challenges against men, does not overcome the following facts: The venire was 56% male to begin with; two of the prosecutor's first three challenges were against women; the prosecutor accepted predominantly male juries (seven to five and eight to four) three times prior to the ultimate jury (of *nine* men and three women) being sworn in; the prosecutor failed to use all of his peremptory challenges; and Franklin's trial counsel admitted to purposefully excluding women

2

(using ten out of eleven peremptory challenges against women), thus increasing the odds that male jurors (some of whom the prosecution would find unacceptable) would be drawn out of the predominantly male venire and into the jury box. On these facts, Franklin's claim fails. *See J.E.B.*, 665 U.S. at 129; *United States v. Stinson*, 647 F.3d 1196, 1207 (9th Cir. 2011); *Johnson*, 665 F.3d at 1070; *Williams*, 432 F.3d at 1107; *Paulino v. Castro*, 371 F.3d 1083, 1091 (9th Cir. 2004); *Fernandez v. Roe*, 286 F.3d 1073, 1078 (9th Cir. 2002); *Cooperwood*, 245 F.3d at 1047–48.

Finally, we deny Franklin's motion to expand the certificate of appealability. "[R]easonable jurists [would not] find the district court's assessment of [Franklin's uncertified] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Franklin's alleged claim under *Chambers v. Mississippi*, 410 U.S. 284 (1973), in his state habeas petition was barely discernible as such, and in any event, Franklin clearly failed to establish actual prejudice under *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

**AFFIRMED.**